IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOHN DOE, | * |
| Plaintiff, | * |
| vs. | * |
| GEORGIA DEPARTMENT OF JUVENILE JUSTICE, AVERY D. NILES, MUSCOGEE YOUTH DETENTION CENTER, MARVIN MENEFEE, and PHOENICIA HILL, | * CASE NO. 4:18-CV-165 (CDL) * * |
| Defendants. | * |

O R D E R

Plaintiff claims that a correctional officer at the Muscogee County Youth Detention Center ("MYDC") sexually assaulted him while he was in custody. He brings this action against the correctional officer in the officer's individual and official capacities. He also asserts claims against the Georgia Department of Juvenile Justice (the "Department") and its commissioner, Avery D. Niles, and the MYDC and its Director, Marvin Menefee. The claims against Niles and Menefee are brought against them only in their official capacities. Plaintiff alleges violations of his federal and state constitutional rights. He brings his federal claims pursuant to 42 U.S.C. § 1983. The Department, the MYDC, Niles, and Menefee filed a motion to dismiss Plaintiff's claims

1

against them based on Eleventh Amendment immunity. For the following reasons, the Court grants their motion (ECF No. 5).

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Plaintiff alleges the following facts. The Court must accept these allegations as true for purposes of the pending motion.

In September 2016, Plaintiff was housed in the MYDC, a juvenile detention center that detains juveniles charged with committing delinquent acts. Compl. ¶¶ 10-12, ECF No. 1. The

Department operates Georgia's juvenile detention centers like the MYDC. *Id*. ¶ 2. Niles is the Commissioner of the Department, and Menefee is the Director of the MYDC. *Id*. ¶¶ 3, 5. "There have been high levels of sexual and other assaults at [the Department] and [the MYDC]." *Id*. ¶ 17.

While Plaintiff was housed in the MYDC, an MYDC correctional officer, Phoenicia Hill, sexually assaulted Plaintiff. *Id*. ¶ 11. "[The Department] and [the MYDC] had actual knowledge of [the officer's] improper behavior on its premises against [Plaintiff] and other juveniles." *Id*. ¶ 18.

## DISCUSSION

It is undisputed for purposes of the present motion that the Department and the MYDC are agencies of the state of Georgia. It is also well established that Plaintiff's claim against Niles in his official capacity is considered a claim against the Department and that Plaintiff's claim against Menefee in his official capacity is considered a claim against MYDC. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)(per curiam)(noting that a § 1983 suit against an officer in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). The issue to be decided is whether the Department and the MYDC are "arms of the state" for Eleventh Amendment purposes.

The Eleventh Amendment "bars suits brought in federal court when the State itself is sued [or] when an 'arm of the State' is sued" unless the state voluntarily waives its Eleventh Amendment immunity or Congress clearly abrogates it. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)(en banc); *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995). Congress did not abrogate Eleventh Amendment immunity in § 1983 cases, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Georgia has not voluntarily waived its immunity. *See* Ga. Const. art. 1, § II, ¶ IX(f)("No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its Departments, agencies, officers, or employees by the United States Constitution.").[1] Therefore, if the Department and the MYDC are considered the state or "arms of the state," they are immune from Plaintiff's § 1983 claims.[2]

The Court finds that, under Georgia law, the Department is an arm of the state with regard to the detention of youth offenders.

---

[1] Because Plaintiff only seeks money damages, the exception to Eleventh Amendment immunity for certain claims seeking prospective relief does not apply.

[2] "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise," and state law guides this determination. *Manders*, 338 F.3d at 1308. The "Court uses four factors to determine whether an entity is an 'arm of the State' in carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id*. at 1309.

*See Willis v. Ga. Dept. of Juvenile Justice*, No. 7:05-CV-59 (HL), 2007 WL 2782509, at *4-*5 (M.D. Ga. Sept. 21, 2007)(reaching this conclusion by thoroughly analyzing Georgia law). The MYDC is a juvenile detention facility that is under the jurisdiction of the Department so it, too, is an arm of the state. O.C.G.A. § 49-4A-5(a)("[J]urisdiction over . . . juvenile detention facilities is vested in the [D]epartment."); *see Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 794 n.1 (11th Cir. 2005)(per curiam)(finding that claims against the Dekalb County Central Probation were barred by Eleventh Amendment immunity because it was "part of the Department of Corrections" which was a state entity). Therefore, the Department, the MYDC, and Niles and Menefee in their official capacities are entitled to Eleventh Amendment immunity. Accordingly, these Defendants' motion to dismiss is granted.[3]

DEFENDANT HILL'S MOTION FOR STAY

Defendant Hill seeks to stay these proceedings while she remains under threat of criminal prosecution for the actions giving

---

[3] In Plaintiff's brief in opposition to the motion to dismiss, Plaintiff expressed a desire to amend the complaint to bring § 1983 individual capacity claims against Niles, Menefee, and unknown correctional officers and also to assert state law claims. That is not the way to seek leave to amend. *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018)("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018))). If Plaintiff wishes to amend the complaint, Plaintiff shall do so by following the applicable rules.

rise to this civil action.  The Court finds that a temporary stay is appropriate but that the stay shall not be indefinite and shall not apply to all pretrial proceedings.  Counsel for the parties shall present a proposed joint scheduling order by April 19, 2019 that provides deadlines for pretrial matters that will not prejudice Defendant Hill's rights in a criminal proceeding.[4]  The proposed scheduling order should also include a termination date for any stay with the requirement that if Defendant Hill maintains that the stay should be continued after that date that she must file a motion to continue the stay.

## CONCLUSION

For the above reasons, the motion to dismiss the Complaint as to the Department, the MYDC, Niles, and Menefee (ECF No. 5) is granted.  Plaintiff's claims against Defendant Hill in her individual capacity remain pending.  Any motion for leave to amend the complaint shall be filed within fourteen days of today's order. Defendant Hill's Motion to Stay (ECF No. 12) is granted to the

---

[4] Balancing the rights of the parties in this action, the Court finds that this action should not come to a complete stop simply because Defendant Hill may be facing criminal charges.  For example, the Court knows of no reason why Plaintiff could not file a motion for leave to amend her complaint, thus allowing those issues to be decided expeditiously.  It would also appear that certain discovery could be conducted that would not prejudice any of Defendant Hill's rights in any criminal proceeding.  The Court intends for the pretrial proceedings in this action to proceed to the extent that they do not unduly prejudice Defendant Hill's rights in a criminal proceeding.

extent described in this Order.  The parties shall file their joint proposed scheduling order by April 19, 2019.

IT IS SO ORDERED, this 25th day of March, 2019.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA